UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

**DONNA G. ROBERTS,**   CIV. 15-4064

Plaintiff,

vs.   **COMPLAINT**

**AMERICAN HONDA MOTOR CO., INC.,**

Defendant.

---

**COMES NOW,** Plaintiff, Donna G. Roberts, and for her Complaint against the Defendant, states and alleges as follows:

1.

Plaintiff, Donna G. Roberts (Ms. Roberts) is a single woman and is a citizen of the State of Virginia as of the date of filing of this complaint.

2.

Defendant, American Honda Motor Co., Inc. (Honda), is a corporation with its principal place of business outside the State of South Dakota.

3.

The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and this Court has jurisdiction pursuant to 28 USC § 1332.

4.

On or about December 15, 2013, Ms. Roberts owned a 2005 Honda Accord Sedan (VIN 1HGCM56405A163923). Ms. Roberts purchased the car new and it had never suffered any physical damage prior to December 15, 2013.

5.

While in a parking lot of the Menard's store, 710 N. Creek Drive, Rapid City, Pennington County, South Dakota, Ms. Roberts accelerated her car from a parked position at a very low rate of speed and, after traveling only a few feet, struck a light pole.

6.

Immediately after the very low-speed impact, the vehicle's driver-side airbag

deployed, striking Ms. Roberts. The passenger-side airbag did not deploy.

7.

Honda designed, manufactured and distributed the 2005 Honda Accord Sedan in question and at all times material was also engaged in the business of placing automobiles into interstate commerce for the purposes of distribution and ultimate sale to consumers.

## COUNT 1
## (Negligence)

8.

Plaintiff realleges all preceding allegations and paragraphs where material.

9.

Honda was negligent in the following respects, among others:

a. Failing to design and manufacture the vehicle in question so that it would not deploy its airbags in a very low speed collision; and
b. Failing to design and manufacture the vehicle in question so that it would not deploy its airbags in a very low energy collision;

10.

As a direct and proximate result of the negligence and carelessness of Honda, Ms. Roberts has suffered or will suffer:

a. Severe orthopedic injuries to her right arm and wrist;
b. Temporary total disability and permanent partial disability and impairment;
c. Severe pain, suffering, weakness, and inconvenience;
d. Loss of earnings and earning capacity; and
e. Loss of the normal pleasures of life to which she was formerly accustomed.

11.

As a direct and proximate result of the negligence and carelessness of Honda, Ms. Roberts has incurred past health care expenses in excess of Fifty-three Thousand Dollars ($53,000.00) and will reasonably incur future health care expenses in an amount yet to be determined. Further, Ms. Roberts has suffered lost earnings in excess of Thirty-two Thousand Dollars ($32,000.00) and will suffer lost future earnings in an amount yet to be determined.

12.

As a direct and proximate result of the negligence and carelessness of Honda, Ms. Roberts has suffered general damages in an amount to be determined at trial.

## COUNT 2
### (Strict Liability)

13.

Plaintiff realleges all preceding allegations and paragraphs where material.

14.

At all times material, Honda was engaged in the manufacture and distribution of automobiles, including the one in question, which were distributed and sold in the State of Tennessee to the general public and others as ultimate consumers.

15.

Honda expected said automobiles manufactured, distributed and sold by Honda to reach consumers and users in the condition in which they were sold.

16.

On or about December 15, 2013, while Ms. Roberts was using her automobile manufactured and distributed by Honda, Ms. Roberts sustained severe injuries to her arm and wrist. At that time, Ms. Roberts was using her automobile for its intended use and was unaware of any defect in her automobile or in any danger to her as a result of using it.

17.

Ms. Roberts is informed and in reliance on that information and belief, alleges that her automobile was then in the condition existing when Honda manufactured and distributed her automobile in the stream of commerce. Ms. Roberts is informed and believes that the condition of her automobile remained substantially unchanged from the time that it left the control of Honda up to and including the time she sustained her injuries.

18.

When Ms. Roberts sustained the injuries alleged above, her automobile was in a defective condition and unreasonably dangerous to the user or consumer in the following respects, among others:

   a. The airbag system in the vehicle allowed the airbag to deploy during very low speed or very low energy collisions.

19.

The defective condition of said automobile was not observable by Ms. Roberts who, lacking the technical knowledge and skill required to determine the fitness of her automobile, relied on the duty of Honda to manufacture and distribute her automobile in

3

the condition fit for use for the purpose intended.

20.

Honda knew of the defective condition of her automobile, or in the exercise of ordinary care, should have known of the defective condition of her automobile.

21.

Honda breached its duty of care to Ms. Roberts and that breach was the proximate cause of the injuries sustained by Ms. Roberts. That, as a direct and proximate result of her defective and unreasonably dangerous automobile, Ms. Roberts has suffered or will suffer:

    a.    Severe orthopedic injuries to her right arm and wrist;
    b.    Temporary total disability and permanent partial disability and impairment;
    c.    Severe pain, suffering, weakness, and inconvenience;
    d.    Loss of earnings and earning capacity; and
    e.    Loss of the normal pleasures of life to which she was formerly accustomed.

22.

As a direct and proximate result of the negligence and carelessness of the Defendant, Ms. Roberts has incurred past health care expenses in excess of Fifty-three Thousand Dollars ($53,000.00) and will reasonably incur future health care expenses in an amount yet to be determined. Further, Ms. Roberts has suffered lost earnings in excess of Thirty-two Thousand Dollars ($32,000.00) and will suffer lost future earnings in an amount yet to be determined.

23.

As a direct and proximate result of her defective and unreasonably dangerous automobile, Ms. Roberts has suffered general and special damages in an amount to be determined at trial.

### COUNT 3
### (Res ipsa loquitur)

24.

Plaintiff realleges all preceding allegations and paragraphs where material.

25.

The airbag in question was under the full management and control of Honda as it was in a sealed and undisturbed state from the time it left Defendant's manufacturing facility until it deployed on December 15, 2013.

26.

The deployment of the airbag in question would not happen under the circumstances set forth in this Complaint absent lack of due care on the part of Honda.

27.

As a direct and proximate result of the lack of due care on the part of Honda, Ms. Roberts has incurred past health care expenses in excess of Fifty-three Thousand Dollars ($53,000.00) and will reasonably incur future health care expenses in an amount yet to be determined. Further Ms. Roberts has suffered lost earnings in excess of Thirty-two Thousand Dollars ($32,000.00) and will suffer lost future earnings in an amount yet to be determined.

28.

As a direct and proximate result of the lack of due care on the part of Honda, Ms. Roberts has suffered general damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A.  General damages suffered by Ms. Roberts in an amount to be determined at trial;
B.  Damages for Ms. Roberts' past health care expenses in an amount in excess of $53,000, damages for lost wages in excess of $32,000, and damages for future health care expenses, future earnings and other special damages to be determined at trial;
D.  Pre-judgment and Post-judgment interest as allowed by law;
E.  Plaintiff's costs and disbursements herein; and
F.  Such other relief as the court deems just and proper.

Dated this 26th day of March, 2015.

Johnson, Miner, Marlow, Woodward & Huff, Prof. LLC

Michael F. Marlow
200 W. 3rd St.
PO Box 667
Yankton, SD 57078
Telephone: (605)665-5009
Facsimile: (605)665-7688
Email: mikem@jmmwh.com

Attorney for the Plaintiff